

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2007

# Gravley v. Speranza

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1592

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gravley v. Speranza" (2007). *2007 Decisions.* Paper 1529.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1529

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-130                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1592
_____

DWAUNE J. GRAVELY, SR.,
                                                           Appellant,

v.

MICHAEL SPERANZA, PATROLMAN; JAMES BATTAVIO, PATROLMAN;
GARY KEHN, PATROLMAN; ANTHONY CROKUS, SERGEANT;
RICK PIERCE, DETECTIVE; RICHARD JOHNSON, PATROLMAN;
WILLIAM SCULL, DETECTIVE; ARTHUR MARCHAND, CUMBERLAND
COUNTY PROSECUTOR; THOMAS DESIMMONE, ASSISTANT PROSECUTOR;
THOMAS BEBEE, DETECTIVE; MICHAEL GIAMARI, SERGEANT;
CITY OF BRIDGETON

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-05594)
District Judge: Honorable Joseph E. Irenas
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 16, 2007

Before: BARRY, AMBRO and FISHER, Circuit Judges

(Filed March 5, 2007)
_____

OPINION
_____

PER CURIAM

    Appellant, Dwaune Gravely, acting pro se, timely appeals from the District

Court's January 17, 2006, order granting defendants' Motion for Summary Judgment.[1]

Gravely alleges that defendants violated his constitutional rights during and after his arrest on July 30, 2001. The key events leading to his arrest are undisputed. At approximately 7:00 p.m., Gravely entered someone else's residence carrying a machine gun. This incident was reported to the police, who arrived at the scene and found Gravely in a vehicle nearby. Gravely attempted to evade arrest; his vehicle first failed to stop in response to the police patrol car's lights and sirens, and once it did stop, Gravely fled on foot. While running away, he discharged the machine gun he was carrying, and he was shot once in the shoulder by defendant Speranza.[2] Coming to an intersection, Gravely encountered a car containing two adults and an infant. He forced his way into the car, held a gun to the head of the driver, and attempted to take cover under the dashboard of the vehicle. As the police approached, the adults escaped the car, but the infant remained in the back seat. Defendants Kehn, Battavio, Pierce, and Crokus proceeded to fire shots at Gravely, striking him multiple times. They then removed him from the vehicle, at which time Gravely contends defendant Speranza kicked him once. An emergency medical team arrived quickly and airlifted Gravely to Cooper Trauma Center in Camden, where his wounds were treated. Despite this prompt treatment, Gravely alleges that he

---

[1] While Gravely is pursuing his appeal pro se, he was represented by counsel in the District Court.

[2] As the District Court correctly concluded, Gravely's criminal conviction for discharging a firearm in violation of 18 U.S.C. § 924 that arose from these events forecloses his current attempt to argue that he did not fire his gun.

has lost the use of his left hand and arm and suffered severe emotional distress as a result of being shot. His complaint raised claims of excessive force, conspiracy, falsification of official records, perjury, failure to preserve evidence, failure to follow police procedures, and failure to train.[3]

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and undertake plenary review of the District Court's grant of summary judgment. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is appropriate when there is no genuine issue of material fact to be resolved at trial and the moving party is entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56(c).

We agree with the District Court's conclusion that Gravely's claim of failure to preserve evidence is barred by Heck v. Humphrey, 512 U.S. 477 (1994), as a judgment in his favor would necessarily imply the invalidity of his conviction for crimes committed during the events described above. The District Court also found that the claim of falsification of official records was barred by Heck. However, we find that the claim is more fundamentally flawed. Gravely did not give any indication as to what documents he believed were falsified or how their alleged falsification violated his constitutional rights. Granting a motion to dismiss this claim would have been appropriate, and disposing of it by summary judgment was clearly correct.

The District Court properly reached the merits of Gravely's other claims,

---

[3] Gravely has not appealed the March 13, 2003, order dismissing his claims of prosecutorial misconduct.

3

and we agree with its conclusion that they cannot survive defendants' motions for summary judgment. As the District Court explained in some detail, there is no merit to the claims of perjury and failure to follow official departmental procedure.

Gravely's remaining claims all hinge on his contention that excessive force was used to effectuate his arrest in violation of the Fourth Amendment. As there is no question that the arrest constituted a seizure, Gravely will prevail if he shows that the force used was unreasonable under the circumstances. See Estate of Smith v. Marasco, 430 F.3d 140, 148 (3d Cir. 2005). Among the factors considered in evaluating reasonableness are: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, . . . whether he actively is resisting arrest or attempting to evade arrest by flight, . . . the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." Couden v. Duffy, 446 F.3d 483, 496-97 (3d Cir. 2006). While determining the question of reasonableness is frequently one that should be left to the ultimate factfinder, summary judgement is appropriate when the court resolves all factual disputes in favor of the plaintiff and concludes that the use of force was objectively reasonable under the circumstances. See Abraham v. Raso, 183 F.3d 279, 290 (3d Cir. 1999).

We conclude, as did the District Court, that firing at Gravely was an objectively reasonable use of force to effectuate his arrest. At the time he was shot, Gravely was suspected of having committed the serious crimes of armed home invasion

4

and car-jacking,[4] he had actively resisted arrest both by flight and by firing his machine gun, he had placed both police officers and bystanders in grave danger. By his own admission, Gravely had car-jacked a vehicle and placed a machine gun to the head of the driver moments before he was shot and arrested by the defendant officers. Under the circumstances, it was objectively reasonable for them to use potentially deadly force to subdue and arrest him.

Gravely further asserts that after he had been removed from the car, he was kicked in the chest once by defendant Speranza. In its analysis, the District Court found that this kick was also an objectively reasonable use of force because Gravely refused to stop moving after having been ordered to do so. After examining the record, we conclude that there was a factual dispute as to these events that the District Court failed to resolve in Gravely's favor. See Rivas v. City of Passaic 365 F.3d 181, 199 (3d Cir. 2004). Gravely testified at deposition that he was on the ground after being shot multiple times when Speranza approached him, said "'He's done. He's Done.,'" referred to him with an expletive, and kicked him. While Speranza's actual motive is not relevant, see Estate of Smith, 318 F.3d at 515, a reasonable finder of fact could conclude based on this evidence that Gravely was already completely incapacitated making the kick an unnecessary use of force.

---

[4] We note, however, that taking into consideration the cocaine later found in Gravely's car was not appropriate, as there appears to be no evidence that the defendant officers were aware of the drugs or otherwise had reason to suspect Gravely had committed drug-related crimes at the time they were pursing and arresting him.

Nonetheless, Gravely's claim could not have survived summary judgment even resolving all factual disputes in his favor. It is well established that "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' is constitutionally unreasonable." Sharrar v. Felsing 128 F.3d 810, 821 (3d Cir. 1997) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). Gravely makes no allegation concerning Speranza's kick which suggests that it was constitutionally unreasonable.

Because there was no underlying Constitutional violation, the claims of conspiracy and failure to train also fail.

For the foregoing reasons, we find that this appeal does not lack arguable merit, and we will not dismiss it under 28 U.S.C. § 1915(e)(2)(B). Because summary judgment was appropriate, however, we will affirm the District Court's order entered January 17, 2006.